WR-67,748-08

Mr. Reddie Houston
264 FM 3478 ROAD
HUNTSVILLE, TEXAS 77320

COURT OF CRIMINAL APPEALS
P.O. Box 12308
CAPITOL STATION
AUSTIN TEXAS 78711

Dear Mr. Abel Acosta, Clerk:

My name is Mr. Reddie Houston. I am incarcerated at the ESTELLE UNIT
File these rules in your court on my behalf, because I doing this Pro Se.
Allow me to know that you have receive these rules and that it has been file.
Make sure you file this on docket.
Thank you for your time and convenience.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

Sincerely,
Mr. Reddie

Mr. Reddie Houston

# ART. 4.04. COURT OF CRIMINAL APPEALS

Sec. 1. The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procendendo, prohibition, and certiorari. The court and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessarry to protect its jurisdiction or enforce its judgments.

Sec. 2. The Court of Criminal Appeals shall have, and is hereby given, final appellate and review jurisdiction in criminal cases coexistensive with the limits of the state, and its determinations shall be final. The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. In addition, the Court of Criminal Appeals may, on its own motion, with or without a petition for such discretionary rev— iew being filed by one of the parties, review any decision of a court of appeals in a criminal case.

# RULE 66. DISCRETIONARY REVIEW
## IN GENERAL

# RULE 68. DISCRETIONARY REVIEW WITH PETITION

# RULE 76. SUBMISSIONS EN BANC

The Court will sit en banc to consider the following types of cases:
(a) direct appeals;
(b) cases of discretionary review;
(c) cases in which leave to file was granted under Rule 72;
(d) case that were docket under Code of Criminal Procedure articles 11.07 or 11.071;
(e) certified questions; and
(f) rehearings under Rule 79.

# Art. 44.33. Hearing in Appellate Court

By order of the Texas Court of Criminal Appeals adopting the Texas Rules of Appellate Procedure, this article was repealed except for the first sentence and subsection (b).

(a) The Court of Criminal Appeals shall make rules of posttrial and appellate procedure as to the hearing of criminal actions not inconsistent with this Code. After the record is filed in the Court of Appeals or the Court of Criminal Appeals the parties may file such supplement briefs as they may desire before the case is submitted to the Court. Each party, upon filing any such supplemental brief, shall promptly cause true copy thereof to be delivered to the opposing party or to the latter's counsel. In every case at least two counsel for the defendant shall be heard in the Court of Appeals if such be desired by defendant. In every case heard by the Court of Criminal Appeals at least two counsel for the defendant shall be permitted oral argument if desire by the appellant.

(b) Appellant's failure to file his brief in the time prescribed shall not authorize a dismissal of the appeal by the Court of Appeals or the Court of Criminal Appeals, nor shall the Court of Appeals or Court of Criminal Appeals, for such reason, refuse to consider appellant's case on appeal

# RULE 78. JUDGMENT IN THE COURT OF APPEALS

## CRIMINAL APPEALS

1

# RULE 77. OPINIONS

## Rule 77.3. Unpublished Opinions

Unpublished opinions have no precedential value and must not be cited as authority by counsel or by a court.

# RULE 67.2. ORDER STAYING MANDATE

To provide enough time for the Court of Criminal Appeals to decide rather to grant discretionary review Under 67.1, the Court—or any judge of the Court—may file with the clerk of the court of appeals an order staying the court of appeals' mandate. The order must be signed by a judge of the Court of Criminal Appeals. The clerk of the Court of Criminal Appeals must immediately send a copy of the order to the court of appeals clerk.

# ART. 1. 24. PUBLIC TRIAL

The proceedings and trials in all courts shall be

## NOT IN A HOSPITAL

A trial court is precluded by the Texas Constition from holding proceedings in a hospital away from the county seat, even if the victim is unable to appear in court because he was hospitalized, and even if parties agreed to take testimony at the hospital from the victim and a doctor. Stine v. State, 908 S.W. 2d 429 (Tex. Crim. App 2995). The requirements of Texas Constitution Art. V. §7 that require district courts to conduct proceedings at the county seat is jurisdictional and non-waivable. Stine, 908 S.W. 2d at 431.

The right to a public trial may be enforced by a criminal defendant, the public, and the press. Houston Chronicle Publishing Co. v. Shaver, 630 S.W. 2d 927 (Tex. Crim. App. 927 (Tex. Crim. App. 2982); Houston Chronicle Publishing Co. v. McMaster, 598 S.W. 2d 864 (Tex. Crim. App. 1980).

# RULE 79.1, MOTION FOR REHEARING

A motion for rehearing may be filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order. In exceptional cases, if justice requires, the Court may shorten the time within which the motion may be filed or even deny the right to file it altogether.

## RULE 78.2. REMAND IN THE INTERESTS OF JUSTICE

When reversing the court of appeals' judgment, the Court of Criminal Appeals may, in the interests of justice, remand the case to the trial court even if a rendition of judgment is otherwise appropriate.

# ART. 44.45. REVIEW BY COURT OF CRIMINAL APPEALS

(a) The Court of Criminal Appeals may review decisions of the court of appeals on its own motion.